IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BEVERLY NICHOLS,**

    Plaintiff,

vs.                                        CASE NO. 5:10cv169/RS-GRJ

**INTERMOUNTAIN MANAGEMENT,
LLC, and IMM-ICH LLC,**

    Defendants.
_____/

## **ORDER**

Before me is Defendants' motion for partial summary judgment (Doc. 34).

### **I. STANDARD OF REVIEW**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

Plaintiff was employed by Defendant at a Fairfield Inn in Marianna, Florida. The kitchen of the hotel and the food within it was riddled with bugs to the extent that it violated Florida health code regulations. Plaintiff experienced bugs crawling on her as she worked. In violation of Florida law, retail insecticide was used to spray the kitchen when the hotel could not obtain commercial pest control

service.  Plaintiff complained about the bug infestation numerous times to supervisors and other employees, and claims she was fired as a result of her complaints.  Plaintiff now brings three claims against Defendants: (1) violation of the Florida Whistleblower's Act, (2) age discrimination, and (3) gender discrimination.  Defendants have moved for summary judgment on count one of Plaintiffs complaint, the Florida whistleblower claim.

### III. ANALYSIS

FLA. STAT. § 448.102 provides that an employer may not take any retaliatory personnel action against an employee because the employee has "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  Defendants argue that they are entitled to summary judgment on Plaintiff's Florida Whistleblower claim because Plaintiff "did not object to, or refuse to participate in, any activity, policy, or practice of IMM."  However, Plaintiff complained to the management about its continued failure to control the infestation of bugs in the hotel.  Although the wording of Plaintiff's complaints did not mirror the precise language of the whistleblower statute, her complaints were clearly an objection to Defendant's policy and practice of not properly controlling the bug infestation in the hotel.  Therefore, summary judgment is not warranted on this ground.

Defendants also argue that that they are entitled to summary judgment because the presence of bugs was not itself a violation of law, rule, or regulation. However, Defendants admit that FLA. STAT. § 509.221(7) applies to the hotel. Section 509.221(7) states:

> The operator of any establishment licensed under this chapter shall take effective measures to protect the establishment against the entrance and the breeding on the premises of all vermin.  Any room in such establishment infested with such vermin shall be fumigated, disinfected, renovated, or other corrective action taken until the vermin are exterminated.

Plaintiff has described an uncontrolled infestation in the hotel for several months that Defendant failed to effectively remedy.  This is an obvious violation of § 509.221(7)'s requirement that the hotel "take effective measures to protect the establishment against the entrance . . . of all vermin" and its requirement that, in the case of an infestation, the hotel take corrective action until the vermin is exterminated.  Furthermore, there are numerous other administrative code regulations that Defendants appear to have violated by failing to properly respond to the infestation in the hotel.  *See* Plaintiff's Response (Doc. 39 at 20-21). Therefore, summary judgment is not warranted on these grounds either.

Finally, Defendants essentially re-argue their second point and state that they are entitled to summary judgment because Plaintiff's belief that Defendants were in violation of the law was incorrect.  Under Plaintiff's version of the facts, it

4

appears Defendants were actually in violation of numerous health code regulations and her belief was correct. Therefore, summary judgment is not appropriate.

### IV. Conclusion

Defendants' motion for summary judgment (Doc. 34) is denied.

**ORDERED** on June 23, 2011.

>   **/s/ Richard Smoak**
>   **RICHARD SMOAK**
>   **UNITED STATES DISTRICT JUDGE**